**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **INNOVAK INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **CASE NO.:8:16-cv-02453-MSS-JSS** |
| | ) | |
| **THE HANOVER INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF, INNOVAK INTERNATIONAL, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, Innovak International, Inc. ("Innovak"), moves for entry of a partial summary judgment declaring that Defendant, Hanover Insurance Company has a duty to defend it in underlying proceeds known as *Melissa Bohannan, individually and on behalf of a similarly situated class v. Innovak International, Inc.*, Case No. 1:16-cv-272-WKW, pending in the Middle District of Alabama (hereafter the "Lawsuit"). In this action, the plaintiff in the Lawsuit will be referred to as the "Plaintiff."

**SUPPORTING MEMORANDUM OF LAW**

At the time Lawsuit was filed, Innovak timely demanded that The Hanover Insurance Company ("Hanover") provide it with a defense pursuant to its obligations under a Commercial General

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 2

Liability Insurance Policy that it issued and delivered in South Carolina (hereafter the "Policy"). Specifically, Innovak told Hanover that a defense was required pursuant to the portions of the policy that coveres Innovak when it is accused of negligently invading a third party's right to privacy. Innovak noted that the allegations in the Lawsuit made such a claim. When Hanover denied coverage for the claims asserted in the Lawsuit and would not defend Innovak, this action commenced.

**STATEMENT OF FACTS**

Hanover agrees with Innovak that its duty to defend in the Lawsuit is based solely upon the allegations of the complaint and the terms of its policy. [Defendant's Rule 26(a)(1) Initial Disclosures, contemporaneously filed Exhibit A, at 1].

**A. Allegations in the Complaints**

A complaint and an amended complaint have been filed by the Plaintiffs. On January 12, 2017 the trial court entered an Order granting Plaintiffs leave to proceed on the basis of the amended complaint. Because Innovak is entitled to coverage from the commencement of the Lawsuit (4/18/2016), the allegations of both complaints must be considered in this action. The material allegations in both complaints are almost identical. References will be given to paragraphs in the initial complaint as "C, p. para." and to the amended complaint as "AC, p. para." The

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 3

initial complaint is filed contemporaneously as Exhibit B, and the amended complaint is filed contemporaneously as Exhibit C.

Hanover responded to Innovak's demand for coverage with correspondence dated June 13, 2016. A copy of this correspondence is attached to Innovak's complaint in this action as Exhibit C. An additional copy is filed contemporaneously with this memorandum as Exhibit "D." [dkt. 2, Exhibit C]

Essentially, both complaints contend that Innovak published software used by school boards and other entities for payroll management purposes. Unfortunately, the software was hacked by nefarious third parties and was then used to "steal" the Plaintiffs identities - social security numbers, dates of birth, addresses and other Private Personal Information ("PPI).

Specifically, they allege that Innovak ". . . provides a general ledger computer software system that provides up-to-date W2 and paystub information to end users . . . which is accessible remotely via its internet portal. . . ." (C. p. 7, para. 18, A.C. pp. 7-8, para. 18) According to the amended complaint, Innovak also "designs and develops databases and employee portals for its customers which allow end users to access Innovak's software database via the internet." (AC, p. 8, para. 19).

Both Complaints further allege that Innovak ". . . . was the subject of a data breach when hackers appropriated the

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 4

personal private information ("PPI") stored on its portals, including but not limited to social security numbers, addresses, telephone numbers, dates of birth, employment information, and/or spousal information from numerous individuals in several different state. . . ." (C., p. 2, para. 2, A.C., pp. 1-2) According to the amended complaint, the hackers ". . . appropriated personal private information ("PPI") stored on its software, database, and/or portals . . . ." (AC p. 1, para. 1)

"Innovak owed a duty to the Plaintiffs . . . . to exercising reasonable care in retaining, securing, safeguarding, and protecting their PPI from being compromised, lost, stolen, accessed, misused or utilized by unauthorized individuals. This duty included maintaining Innovak's cyber security system to ensure that Plaintiff's PPI was adequately protected." (C., p. 11, para 37. A.C. p. 12, para. 39) The amended complaint asserts that its duty included ". . . esigning, developing, and maintaining software, databases and system(s) to ensure that Plaintiffs' PPI was adequately protected." (A.C., p. 12, para. 39).

"Innovak breached these duties by, including without limitation, (A) failing to adequately protect the Plaintiffs' PPI; (b) failing to maintain adequate cyber data security measures. . ." (C., p. 12, para. 39, A.C., para. 40). The amended complaint additionally claims that Innovak failed . . .

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 5

"to adequately design, develop and sell software that would not [*sic*] protect the Plaintiffs PPI. . . ." (AC, p. 12, para 41).

"The alleged conduct described in [the initial complaint] was negligent and caused the Plaintiffs . . . to be injured and harmed as a result. The injuries. . . include: theft of their PPI, which caused an immediate psychic injury that was concrete and individualized; costs associated with the prevention of [sic] additional harm; costs associated with credit monitoring; costs associated with the prevention of additional prevention of identity theft; identity theft; loss of time to mitigate future harm; loss of time and money dealing with actual identity theft; the concrete and imminent threat of additional harms that are essentially certain to result, worry, stress, loss of sleep, and severe emotional distress." (C. p. 12, para. 40)(AC, p. 13, para 42).

**B. <u>Policy Provisions</u>**

The parties agree that Hanover issued and delivered a policy of insurance to Innovak with effective dates between August 1, 2015 and August 1, 2016. (Dkt 2, para. 5; Dtk. 3, para. 5). In part, this policy covers third party liability claims as described in its "Commercial General Liability Form." (hereinafter "CGL Form"). The parties agree that the CGL form attached to the complaint in this action is a correct copy of

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 6

the form and that it is relevant to this action. (Dkt. 3, page 2 of 9, paragraphs 5-9) Part A of this form covers third party claims seeking damages for "bodily injury" and part B covers claims for "personal injury." In this motion, Innovak does not contend that the Plaintiffs make allegations that trigger coverage under Part A.

Instead, Innovak's right to coverage is provided by the Part B portion of the CGL Form. The general insuring clause for Part B coverage states in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

(Dkt. 2, Exhibit A, 7 of 17). Paragraph 14 of Section V of the CGL form (Dkt. 2, Exhibit A, page 16 of 17) states:

> "Personal and advertising injury" means injury,. . . arising out of one or more of the following offenses:
>
> . . . .
>
> e. Oral or written publication, *in any manner*, of material that violates a person's right to privacy. (emphasis supplied)

In Hanover's denial letter dated June 13, 2016, Hanover claimed that:

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 7

> Coverage B does not apply to the Plaintiffs' claims because it necessarily requires an act or conduct by the Insured for coverage to be present. Here, third-party hackers, not the Insured, caused the data breach. Dkt. 2, Exhibit C, page 6 Of 10).

This assertion was the only assertion provided by Hanover's correspondence stating the basis for its denial of coverage under Part B of the Policy. Under South Carolina law, "[i]t is axiomatic that an insured must be provided sufficient information to understand the reasons the insurer believes the policy may not provide coverage. . . . generic denials of coverage coupled with furnishing the insured with verbatim recitation of most of the policy provisions (through a cut-and-paste method) is not sufficient." *Harleysville Group Insurance v. Heritage Communities, Inc.*, 2017 S.C. LEXIS 8 (S.C. January 11, 2017)(copy attached and marked Exhibit "E"). Because the initial and first amended complaints plainly and unequivocally allege that Innovak negligently prepared, designed and published software and databases that allowed private personal information to be known by third parties, Innovak commenced this action.

**CHOICE OF LAW**

The parties agree that the subject policy of insurance was issued and delivered to Innovak in South Carolina. (Dkt. 3, page 3, para. 5; Dkt. 3, Exhibit A, p. 36 of 224). In this action, three different jurisdictions have some connection with this action -- South Carolina, Alabama and Florida. Before

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 8

deciding which substantive law must apply, a determination must be made as to whether any actual conflict exists. For purposes of this motion there is no conflict.

As a general proposition:

> Commercial General Liability ("CGL") insurance policies are standard forms which are intended to minimize misunderstandings, coverage disputes, and litigation arising from unique language used by individual liability insurers. . . CGL policies are commonplace in the insurance industry and serve as standard template or boilerplate policies to which parties may append endorsements to include exclusions.

*United States Fire Ins. Co. v. J.S.U.B.*, 979 So.2d 871, 877-78 (Fla. 2007). Consequently, there are many instances in which substantive law governing coverage issues in CGL policies is consistent across state lines.

As noted, the parties agree that this Court's decision should be based upon a comparison of the allegations of the complaint to the provisions of the policy. South Carolina, Alabama and Florida apply this rule. *Tanner v. State Farm Fire & Cas. Co.*, 874 So.2d 1058 at 1065 (Ala. 2003)[1]; *Canopius U.S. Insurance v. Middleton*, 2016 U.S. Dist LEXIS 108878 at 9-10 (D. S.C. August 17, 2016); *Union Ins. Co. v. Soleil Group*, 465 F. Supp.2d 567 at 572-573 (D. S.C. 2006); *Higgins v. State Farm Fire*

[1] This decision allows for an insured to establish coverage if there are facts outside of the pleading that establish coverage. Innovak is not making any such claim.

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 9

*& Cas. Co. v. Higgins*[2], 894 So.2d 5 at 8 (Fla. 2004); and *Jones v. Florida Insurance Guaranty Assn.*, 908 So.2d 435 at 443 (Fla. 2005). The three jurisdictions have established that an insurance policy is to be strictly construed against the insurer. *Mid-Continent Cas. Co. v. Advantage Medical Electronics*, 196 So.3d 238 (Ala. 2015); *Williams v. Government Employees Ins. Co.*, 709 S.E.2d 709 at 710 (S.C. 2014); *Union Ins. Co. v. Soleil Group*, 465 F. Supp.2d 567 at 572-573 (D. S.C. 2006; Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29 at 34 (Fla. 2000).

As noted above, South Carolina law requires insurers to state the bases for their coverage denial specifically in a manner that goes beyond cut and paste recitations of the language of insurance policies. Undersigned counsel is unaware of such requirements under Alabama and Florida law.

There is one legal principal at issue in this case upon which there is a conflict. Both the initial and first amended complaint assert multiple claims against Innovak. South Carolina and Florida cases hold that if one count in the complaint is covered, then the insurance company must defend the insured against all of the claims asserted in the case whether or not they are covered. *Isle of Palms Pest Control Co. v. Montecello Ins. Co.*, 459 S.E.2d 318, 319 (S.C. Ct. App. 1994);

[2] This decision allows for consideration of facts outside of the pleading in very narrow circumstances that are not involved in this action.

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 10

*E.S.Y. Inc. v. Scottsdale Ins. Co.*, 139 F.Supp.3d 1341, at 1351-1352 (S.D. Fla. 2015); *Baron Oil Co. v. Nationwide Ins. Co.* 470 So.2d 810, 814 (Fla. 1st DCA 1985). Decisions in Alabama establish that an insurer must only defend the covered claims. *Tanner v. State Farm Fire & Cas. Co.*, 874 So.2d 1058, 1064(Ala. 2003; *Acceptance Ins. Co. v. Brown*, 832 So.2d 1, 4 (Ala. 2001).

To resolve these conflicts, this court must look to Florida's choice of law rule. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941); *LaFarge Corp. v. Travelers Indemm. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997); *Wausau Underwriters Ins. Co. v. Danfloss*, 2015 U.S. Dist. LEXIS 144838 at 7-8, 2015 WL 6456569 (S.D. Fla. October 26, 2015). In Florida, an insurance policy covers risks that arise in multiple locations on a transitory basis, the place of the operation of the insured's business is generally considered to govern which state law applies. *Employer Reinsurance Group v. Launier Indemnity Co.*, 2006 U.S. Dist LEXIS 40451 at 17-18, 2006 WL 1679366 (M.D. Fla. June 19, 2006) and cases cited therein.

Accordingly, in this action, South Carolina law would apply to interpretation of the policy provisions and to the requirements of specific notice of coverage positions. Additionally, if one of the claims in the Lawsuit are covered, Hanover is obligated to defend the entire action.

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 11

**SUMMARY JUDGMENT STANDARD OF REVIEW**

According to *Daedalus Capital LLC v. Vinecombe,* 2014 U.S. Dist. LEXIS 186298 at 8-9; 2006 WL 11412838 (M.D. Fla. 2006)(Scriven, J):

> Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fennell v. Gilstrap,* 559 F.3d 1212, 1216 (11th Cir. 2009) (citing *Welding Servs., Inc. v. Forman,* 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).
>
> Evidence is to be viewed "in the light most favorable to the non-moving party." *Fennell,* 559 F.3d at 1216. A moving party may discharge its burden on a motion for summary judgment by showing or pointing out to the Court "that there is an absence of evidence to support the non-moving party's case." *Denney v. City of Albany,* 247 F.3d 1172, 1181 (11th Cir. 2001) (internal quotation marks omitted).
>
> When a moving party has discharged its burden, the non-moving party must designate specific facts that demonstrate there is a genuine issue for trial. *Porter v. Ray,* 461 F.3d 1315, 1320 (11th Cir. 2006). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.,* 770 F.2d 984, 986 (11th Cir. 1985). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

**ARGUMENT**

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 12

**A. Uncontested material facts**

As shown above, the law applicable in South Carolina, Alabama and Florida renders the allegations of the initial and the first amended complaint and the provisions of the subject CGL form to be the only relevant facts. Obviously, these facts are uncontested.

**B. Hanover has an unequivocal duty to defend Innovak**

**1. The initial and proposed first amended complaint allege that Innovak published personal and private information**

Hanover's answer and affirmative defenses generally deny that it has a duty to defend. It also asserts in its fifth affirmative defense that there is no coverage under part B of the CGL form "[t]o the extent that the claims against Innovak do not involve any oral or written publication of material and therefore do not involve "personal or advertising injury." (Dkt.3, pages 5-6 of 9).[3] As noted above, this affirmative defense must be construed *in pari materia* with the notice given by Hanover about its coverage defense. *Harleysville Group Insurance v. Heritage Communities, Inc.*, 2017 S.C. LEXIS 8 (S.C. January 11, 2017)(copy attached and marked Exhibit "D"). Hanover's pre-suit correspondence states:

---

[3] Hanover's answer and affirmative defenses propounds eight affirmative defenses. Only the Fifth and Sixth defenses are relevant to this motion. The remainder of the defenses applies to coverage and exclusions that are not the subject of this motion.

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 13

> Coverage B does not apply to the Plaintiffs' claims because it necessarily requires an act or conduct by the Insured for coverage to be present. Here, third-party hackers, not the Insured, caused the data breach.

(Dkt. 2, Exhibit C, page 6 Of 10).

As noted, the CGL form defines "personal and advertising injury" as:

> "Personal and advertising injury" means injury,. . . arising out of one or more of the following offenses:
>
> . . . .
>
> e. Oral or written publication, *in any manner*, of material that violates a person's right to privacy.

(Dkt. 2, Exhibit A, page 16 of 17) (emphasis supplied) Apparently, Hanover contends that Innovak did not *publish* the personal private information because it did not act in concert with the third-party hackers to publish the PPI.

Hanover's position will essentially render the coverage for invasion of personal privacy meaningless. If Innovak had directly delivered the Plaintiffs' PPI to the hackers or had deliberately acted in concert with them, Hanover would deny coverage because Innovak would know that its conduct would invade the Plaintiffs' rights. Part B of the Policy excludes coverage for:

> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 14

In essence, Hanover hopes that its interpretation of the coverage for invasion of a person's right to privacy would render coverage unavailable to any insured. Like every other state known to undersigned counsel, South Carolina law does not favor the construction of a Commercial General Liability policy that renders a purported form of coverage meaningless. *See, Auto Owners Insurance Co. v. Newman,* 684 S.E.2d 541, 545 (S.C. 2008).

Moreover, Hanover's propounded requirement for direct, proactive delivery of PPI by Innovak conflicts with the coverage that is explicitly provided in the Policy. It covers "oral or written publication, *in any manner*, of material that violates a person's right to privacy. (Dkt. 2, Exhibit A, page 16 of 17) (emphasis supplied). It does not require ultimate publication of the PPI directly by the insured. Here, the Plaintiffs' underlying claims explicitly contend that Innovak negligently published software that was the proximate cause of the publication of PPI by unknown third parties. The Policy language does not explicitly state that coverage would be allowed for publication only if it emanates directly from the insured's business without the involvement of any third party.

While undersigned counsel is unaware of any decision in South Carolina, Alabama or Florida involving the subject policy language and analogous allegations, it is not surprising that the only relevant decision with *stare decisis* effect known to

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 15

undersigned counsel provides coverage in these circumstances.[4] The Middle District of California in *Hartford Cas. Ins. Co. v. Corcino & Associates*, 2013 U.S. Dist Lexis 152836, 2013 WL 5687527 (C.D. Cal. 2013) has rejected Hanover's interpretation of the Policy. Applying the same rules that are used in the four states, the California Court determined that Hartford had a duty to defend Corcino & Associates, one of Stanford Hospital's contractors responsible for electronic patient records, under the part B coverage of a commercial general liability policy using language identical to the language in this case.

The underlying complaint alleged that an applicant for a position at Corcino published the data on the internet. He was not Corcino's employee. Corcino did not publish the information. The applicant was expressly forbidden by the contractor from publishing the records. He simply was given the records as part of an exercise to determine whether he had sufficient computer skills for the position. The underlying complaint alleged that Corcino was negligent by failing to adequately protect the

---

[4] *But see*, *Zurich American Ins. Co. v. Sony Corp.*, 2014 N.Y. Misc. LEXIS 5141 (February 21, 2014). This coverage action emanating from a class action against Sony in which it was accused of negligently designing software for its play stations resulted in a coverage action by Sony against its insurers. The New York state trial court ruled that the policy language at issue here required an action by the policy holder and not by third party hackers. The trial court did not provide a written opinion. Instead portions of the oral argument before the trail court were transcribed along with the trial judge's brief oral conclusion in favor of the insurers. Apparently, the trial judge announced that the issue required immediate appellate authority, and the insurers settled shortly after the decision allegedly to avoid the creation of adverse precedent. www.lexology.com/library/detail.aspx?g=e0eb93eb9-b27-e-4b44-80f-d9a550b5d5e25.

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 16

patients' records. This case is materially on point for this action. Innovak's software negligently permitted a third party to obtain and publish the Plaintiffs' PPI. Innovak's publication of the software and creation of the databases was the negligent proximate cause of the invasion of the Plaintiffs' right to privacy.

South Carolina and Florida law require a liberal construction of the complaint in the underlying action. If the complaint's allegations create the possibility of coverage, the insurer has a duty to defend. *Union Ins. Co. v. Soliel Group*, 465 F.Supp.2d 567 at 572-573 (D.S.C. 2006); *Orlando Nightclub Entertainers v. Jane River Ins. Co.*, 2007 U.S. Dist. LEXIS 8830, 11; 2007 WL 4247875 (M.D. Fla. November 30, 2007).

**2. <u>Count I in the underlying pleadings does not make any allegations of intentional misconduct against Innovak</u>**

Hanover's sixth affirmative defense alleges that there is no coverage due to its Part B Exclusion for "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury." In addition to raising an issue which was not mentioned in its correspondence denying coverage, the defense is patently inapplicable because Count I in both Complaints accuses Innovak of a negligent failure to provide adequate protection for the

Innovak International, Inc. v. The Hanover Insurance Company; Case No. 8:16-cv-02453-MSS-JSS
Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law; Page 17

Plaintiffs' PPI. (C. pages 11-12, para, 36-40; AC, pages 13-14, paras. 38-42).

**Conclusion**

For the foregoing reasons, Innovak requests entry of a partial summary judgment declaring that Hanover has a duty to defend it in the Lawsuit.

**Certificate of Service**

I hereby certify that a copy of the foregoing has been furnished by way of this Court's CM/ECF system that will provide notice of electronic filing to Mallory H. Thomas, Esq. and Patricia McLean, Esq. this 15th day of March, 2017.

**CPLS, P.A.**
Attorneys|Consultants|Mediators
201 East Pine Street, Suite 445
Orlando, FL 32801
Tel 407-647-7887/Fax 407-647-5396
Counsel for Plaintiff
CPLS File No. 2-30

Date: March 16, 2017

George E. Carr, Esq.
Florida Bar No. 205443
gcarr@cplspa.com
Samuel A. Walker, Esq.
Florida Bar No. 103190
swalker@cplspa.com
Tee Persad, Esq.
Florida Bar No. 0045594
attorneypersad@cplspa.com